

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Gerald C. Mann
Attorney General

*Harris Co.*

Honorable Don T. Jackson
Civil District Attorney
Houston, Texas

Dear Sir:

Attention: Mr. Marshall T. Anderson

Opinion No. O-1961
Re: Are extension agreements, in
the ordinary and common form
attached, subject to the ex-
cise stamp tax levied by Art.
7047e, V.A.C.S., when the se-
cured debt extended thereby
was executed prior to the
enactment of said tax measure
and consequently was recorded
under the Registration Laws
without the affixing of said
stamps?

By your letter of February 5, 1940, you submit for the
opinion of this Department the following inquiry, which we quote
from said letter:

"Recently a question has been raised concerning the
necessity of affixing state stamps on extension agree-
ments which extend the time of payment of secured obli-
gations executed prior to the passage of Article 7047e
in 1936. The form of the extension agreement in ques-
tion does not contain any provision creating a lien, but
merely recites that a promissory note was executed
which was secured by a deed of trust or other lien
covering certain property, that there remains on said
indebtedness an unpaid balance in a certain amount, and
that the time of payment of said indebtedness is ex-
tended so as to mature at some future date. The exten-
sion agreement in most cases will contain a provision

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Den W. Jackson, page 2

to the effect that all liens securing the payment of the indebtedness shall remain as valid liens until the indebtedness as extended is paid. A copy of the form of extension agreement to which I have reference is attached hereto."

The attached form of extension agreement referred to in your letter is that ordinarily and commonly executed for the purpose merely of extending the maturity date of a secured obligation, and is not a "renewal" in the technical sense, contemplating the execution of a new note and deed of trust. It is, therefore, apparent, as stated by you, that the extension agreement in question here does not create a lien nor does it create a debt, but merely extends the time of payment of an existing indebtedness which was secured by a deed of trust lien, as held in the case of Belcher Land Mortgage Co. vs. Taylor, et al., 212 S. W. 647, cited by you, and involving a similar extension agreement.

However, we are not in agreement with your conclusion that "if the instrument to be filed for record does not create either a lien or a debt, but merely extends the time of payment of an indebtedness, it appears that Article 7047e does not apply, and that such instrument can be filed for record without stamps being placed thereon." Your position would be tenable if only the first portion of Subdivision (a), Article 7047e, Vernon's Annotated Civil Statutes, levying the tax on certain described notes secured by lien, is considered, entirely disassociated from the proviso later appearing in said subdivision, exempting from the operation thereof "renewal or extensions of instruments theretofore stamped under the provisions of this Act, or the one amended hereby." But construing the Act in its entirety, as we are constrained to do under recognized canons of statutory construction, we are impelled to the conclusion, for reasons hereinafter discussed, that the instrument in question is taxable.

Article 7047e, Vernon's Annotated Civil Statutes, levies the following tax:

"(a) Except as herein otherwise provided there is hereby levied and assessed a tax of Ten (10¢) Cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office

Hon. Dan A. Jackson, page 3

of the County Clerk under the Registration laws of
this State; provided that no tax shall be levied on
instruments securing an amount of Two Hundred ($200.00)
Dollars, or less. After the effective date of this
Act, except as hereinafter provided, no such instru-
ment shall be filed or recorded by any County Clerk in
this State until there has been affixed to such in-
strument stamps in accordance with the provisions of
this section; . ."

The tax levied by Subdivision (a) of Article 7047e,
Vernon's Annotated Civil Statutes, is an excise or privilege
tax levied upon the privilege of resorting to the registration
laws of Texas, or upon the use, by a lienholder, of the facili-
ties, services and protection afforded by the Registration
System to him, as the holder of secured obligations of the kind
described. As a necessary enforcement feature, due to the in-
direct nature of this tax, payment of same is evidenced by the
affixing of stamps to the instruments offered to be recorded.
We think the language "and all instruments of a similar nature,"
would, under the rule of ejusdem generis, ordinarily limit the
incidence of this tax to secured obligations of the kind and
character enumerated, to-wit, chattel mortgages, deeds of trust,
mechanic's liens and vendor's liens, etc. And did the Statute
contain no further language militating against this rule of
interpretation, your opinion would be sustainable to the effect
that an extension agreement, creating none of the described
liens but merely extending the maturity of an indebtedness se-
cured thereby, would not be within the purview of the statute.
But the Legislature goes further and in the same subdivision
of the Act levying the above-quoted tax incorporates the fol-
lowing proviso:

". . . and, providing further that, except as to
renewals or extensions of accrued interest, the pro-
visions of this section shall not apply to instru-
ments given in renewal or extensions of instruments
theretofore stamped under the provisions of this
Act or the one amended hereby, and shall not apply
to instruments given in the refunding of existing
bonds or obligations where the preceding instrument
of security was stamped in accordance with this Act
or the one amended hereby; . . ." (Underscoring ours)

The manifest intent of the Legislature, by the above-
quoted proviso, was to cause either secured obligations, which

766

_on. Dan ... Jackson, page 4

have the benefit and protection of the Registration Laws, or all instruments affecting them, such as renewal or extension agreements, to pay their way - to be taxed once for the privilege of resorting to such law. Hence, if the original instrument, creating and evidencing the lien securing the notes and obligations described, has been offered for registration, and the excise or privilege stamp tax paid for the privilege and protection of the Registration Laws, then, out of abundant caution, the Legislature provided that any subsequently executed instrument renewing or extending such lien indebtedness would not be required to again pay for such privilege, as same would be tantamount to double taxation. But, if, as in the instant case, such original lien-creating instrument was executed prior to the passage of the act levying this tax, and therefore recorded tax-free, then the Legislature, by necessary inference from the proviso next-above quoted, intended to see to it that such secured indebtedness, receiving the protection and benefit of the Registration Laws in connection with extension or renewal agreements, should not escape this tax.

And, in the face of the express language of said proviso, exempting "renewal or extensions of instruments theretofore stamped," we think it can make no difference on the issue of taxability that the instrument in question here was in "extension" of an instrument which had not been theretofore stamped under the Act, rather than a "renewal" thereof. The correlative "or" is used, and, conceding our original position that the instrument involved here extends an indebtedness rather than renews or creates a lien, we nevertheless believe same is within the purview and scope of the tax levied by Article 7047c (a), Vernon's Annotated Civil Statutes, considered in all its component parts and from its four corners. To hold otherwise would be to give a liberal rather than a strict construction of exemptions from taxation, contrary to recognized rules laid down by the courts for our guidance.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
    Assistant

PLW:N

APPROVED MAR 12, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS